## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| HECTOR M. GARCIA, SR., Individually, and in his Capacity as Administrator of the ESTATE OF MARTA J. GARCIA, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:20-CV-00043-MSM-PAS |
| UNITED OF OMAHA LIFE INSURANCE COMPANY a/k/a MUTUAL OF OMAHA INSURANCE COMPANY, ALIAS; THE BENN AGENCY, ALIAS; AND DEBBIE BENN, ALIAS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), of The Benn Agency and Debbie Benn (collectively "the Benn defendants"). (ECF No. 16.) The Court must consider whether the plaintiff's Complaint plausibly states a claim for breach of contract and breach of fiduciary duty against the Benn defendants.

For the following reasons, the Court provisionally GRANTS the Benn defendants' Motion to Dismiss.

1

## I.   BACKGROUND

The following facts are as alleged in the plaintiff's Complaint.   On or about June 24, 2015, the plaintiff's decedent, Marta J. Garcia, applied for and purchased a life insurance policy from the defendant United of Omaha Life Insurance Company a/k/a Mutual of Omaha Insurance Company ("Omaha").   (ECF No. 1-1 ¶ 8.)  The agent responsible for securing the life insurance policy was Debbie Benn, who "held herself out as an agent of Omaha and [The Benn Agency]."  *Id.* ¶¶ 4, 8.

Mrs. Garcia was not proficient in English.  *Id.* ¶ 9.  Ms. Benn completed the life insurance application and had Mrs. Garcia sign the application.  *Id.* ¶ 10.  Mrs. Garcia did not understand that some of the representations Ms. Benn made were inaccurate.   *Id.* ¶ 11.  On or about June 24, 2015, Mrs. Garcia authorized Omaha to debit her bank account automatically each month, as a premium payment for the life insurance policy.  *Id.* ¶ 12.

The plaintiff was listed as the primary beneficiary of the life insurance policy and subject to payment of $181,000.  *Id.* ¶¶ 13-14.  On or about February 19, 2016, Mrs. Garcia died.  *Id.* ¶ 15.  The plaintiff sought payment under the policy, but Omaha refused to make payment.   *Id.* ¶ 16. Omaha informed the plaintiff that the life insurance policy had been rescinded and offered to refund the premiums paid.  *Id.* ¶ 17.

The plaintiff filed suit alleging claims of breach of contract and "breach of covenant of good faith and fair dealing in violation of fiduciary duties" against all defendants.   The plaintiff does not distinguish his claims against the Benn

defendants from those against Omaha; rather, both claims are asserted generally against "defendants."

## II. MOTION TO DISMISS STANDARD

On a Rule 12(b)(6) motion, the Court assesses the sufficiency of the plaintiff's factual allegations in a two-step process. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 7, 11-13 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 699 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.,* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

## III.    DISCUSSION

### A. The Question of Diversity of Citizenship

As a preliminary matter, the Court must consider the jurisdictional question of diversity of citizenship. Omaha removed this action from Rhode Island Superior Court on the grounds of diversity jurisdiction because the plaintiff and Omaha are citizens of different states and the amount in controversy exceeds $75,000. (ECF No. 1.) The Benn defendants, however, reside in Rhode Island, like the plaintiff. A

3

federal court generally only has diversity jurisdiction when complete diversity exists between the parties, that is, when no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a).

But Omaha posits that the Benn defendants have been "fraudulently joined." (ECF No. 1 at 3.)  If a court "has determined that a party has been fraudulently joined, it proceeds to analyze jurisdiction without reference to the fraudulently joined party." *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006). Application of the doctrine of "fraudulent joinder" need not require a finding of "outright fraud"; rather, "in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 68 (D.R.I. 2002) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992)); *see also Kolodner*, 414 F. Supp. 2d at 137 ("Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden.").  In such instances, fraudulent joinder will apply when "there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Gabrielle*, 210 F. Supp. 2d 62, 67 (D.R.I. 2002) (quoting *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001)).

For the reasons discussed below, the Court finds that the pleadings, as written, do not state a claim against the Benn defendants and thus the application of the doctrine of "fraudulent joinder" is appropriate under these circumstances.  Diversity

4

of citizenship exists between the plaintiff and the remaining defendant, Omaha, and the amount in controversy is sufficient to confer jurisdiction upon this Court. *See* 28 U.S.C. § 1332(a).

### B. The Plaintiff's Claims Against the Benn Defendants

#### 1. Breach of Contract

The Benn defendants argue that they cannot be liable for breach of the life insurance contract because they were not a party to that contract. The Court agrees. While the Benn defendants were agents for Omaha, "an agent is not ordinarily liable for his principal's breach of contract … and where an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract, unless there is clear and explicit evidence of the agent's intention to be bound." *Chrabaszcz v. Johnston Sch. Comm.*, 474 F. Supp. 2d 298, 312 (D.R.I. 2007) (internal citations omitted). *See also Alterio v. Biltmore Const. Corp.*, 119 R.I. 307, 315, 377 A.2d 237, 241 (1977) ("It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority."); Restatement (Second) of Agency § 328 (1958) ("An agent, by making a contract only on behalf of a competent disclosed ... principal whom he has power so to bind, does not thereby become liable for its nonperformance.").

There is no allegation that the Benn defendants were, or attempted to become, parties to the insurance contract between plaintiff's decedent and the disclosed principal, Omaha. As such, the plaintiff cannot sustain a breach of contract action against the Benn defendants as a matter of law.

In contrast, had the plaintiff alleged negligence against the Benn defendants they might survive a motion to dismiss. They have not done so in this case.

### 2. "Breach of Covenant of Good Faith and Fair Dealing in Violation of Fiduciary Duties"

The Benn defendants also contend that the plaintiff's claim for violation of a fiduciary duty must fail because the plaintiff has alleged that they acted only as insurance agent. *See* ECF 1-1 at ¶¶ 4, 8 ("The agent for securing this life insurance policy on behalf of Omaha was the Defendant Benn individually and on behalf of [The Benn Agency]."); ("Debbie Benn … held herself out as an agent of Omaha and [The Benn] Agency."). Indeed, "under ordinary circumstances, an insurance agent does not owe a fiduciary duty" to an insured. *Pedersen v. Hart Ins. Agency, Inc.*, No. CIV. 10-10922-NMG, 2011 WL 4970920, at *3 (D. Mass. Oct. 18, 2011). *See also Home Ins. Co. v. Davila*, 212 F.2d 731, 741 (1st Cir. 1954) ("The insurance agent was not under the burden of any fiduciary relationship with the [insured]"); *AGA Fishing Group, Ltd. v. Flagship Group, Ltd.*, No. 05-11396-JLT, 2007 U.S. Dist. LEXIS 107710, at * 5 (D. Mass. Aug. 6, 2007) ("The relationship between an insurance broker and the insured is not normally thought to be fiduciary in nature"), *aff'd, AGA Fishing Grp. Ltd. v. Brown & Brown, Inc.*, 533 F.3d 20 (1st Cir. 2008). Such a heightened duty arises only when "special circumstances of assertion, representation, and reliance are present," such as when the agent has a longstanding relationship with the client, holds herself out as the client's insurance advisor, or is paid separately for her advice. *Brown & Brown*, 533 F.3d at 23-24.

The plaintiff has alleged no such "special circumstances" that plausibly could

give rise to a heightened duty.  Although it is alleged that Ms. Benn assisted the plaintiff's decedent with the Omaha application form due to a language barrier, this alone does not give rise to a fiduciary relationship.

Finally, the plaintiff premises his breach of fiduciary duty claim on a claim for a breach of the covenant of good faith and fair dealing.  Because the former fails as a matter of law, so must the latter.  *See McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015) ("[A] claim for breach of the implied covenant of good faith and fair dealing does not create an independent cause of action ….").

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss of defendants Debbie Benn and The Benn Agency (ECF No. 16) is GRANTED.  The plaintiff, however, will be given 30 days to amend his complaint to allege a proper cause of action against the Benn defendants.  If that should happen, diversity of citizenship will be defeated, and the case will be remanded to state court for adjudication.


IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
July 10, 2020